UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CORAL MCGARVEY,

    Plaintiff,

v.

SMITH'S FOOD DRUG CENTERS, INC.,

    Defendant.

2:10-CV-1268 JCM (LRL)

**ORDER**

Presently before the court is defendant Smith's Food Drug Centers, Inc.'s motion in limine to exclude plaintiff's claim for medical bills incurred when she was a minor and other unrelated medical bills. (Doc. #13). Plaintiff Coral McGarvey filed an opposition to defendant's motion (doc. #17), and defendant filed a reply (doc. # 18).

**I.      PROCEDURAL BACKGROUND**

The parties in this action are engaged in a negligence dispute related to a left knee injury the plaintiff suffered as a result of a slip and fall at defendant's facility. Plaintiff's complaint claims general damages in excess of $10,000, as well as damages for costs of medical care and treatment. Plaintiff has claimed substantial medical expenses, all of which were incurred when she was a minor and were paid by her parents' medical insurance provider.

Plaintiff alleges that she injured her left knee as a result of a slip and fall accident that took place on April 8, 2007, at defendant's grocery store. (Doc. #13, p.3). Plaintiff was 16 years old at the time of the accident. *Id*. On April 19, 2007, plaintiff underwent arthroscopic surgery to her left knee.

**James C. Mahan**
**U.S. District Judge**

1  (Doc. #13, Exhibit B).

2  At age ten, plaintiff was diagnosed with pauciarticular juvenile arthiritis. On July 16, 2006
3  (nine months before the subject accident), plaintiff was involved in a slip and fall accident at the
4  Bellagio Hotel and Casino. While exiting the revolving doors she fell due to a "puddle of clear liquid
5  that had accumulated on the ground." (Doc. #13, Exhibit A). As a result of this accident, plaintiff
6  suffered a medical meniscus rupture to her left knee and possible ligament injuries. (Doc. #13,
7  Exhibit I). Plaintiff underwent arthroscopic surgery to her left knee on July 27, 2006. *Id.* On October
8  7, 2007 (six months after the subject accident), plaintiff sustained a subsequent medial meniscus
9  rupture to her left knee when she fell at her home. (Doc. #13, p. 5). As a result, plaintiff underwent
10 arthroscopic surgery on December 6, 2007. *Id.*

11 **II.    MOTION IN LIMINE**

12 Defendant's motion in limine is to exclude the following:

13 "1. Any and all medical bills for treatment to [p]laintiff when she was a minor;

14 2. Any and all medical evidence including medical records and bills concerning medical
15 treatment received by [p]laintiff after October 7, 2007; and

16 3. Any and all evidence relating to the surgery to [p]laintiff's left knee performed on
17 December 6, 2007." (Doc. #13).

18 A.    <u>Medical Bills When Plaintiff Was A Minor</u>

19 A minor plaintiff may not recover damages for medical expenses which her parents were
20 statutorily obligated to pay, absent a valid waiver. *Hogle v. Hall By and Through Evans*, 112 Nev.
21 599, 606 (9th Cir. 1996). The Nevada Supreme Court has held that in a personal injury action
22 brought to recover damages for injuries sustained by a minor, the parents and the child have two
23 separate and distinct causes of action against the tortfeasor. *Id*. The minor's recovery "may be limited
24 to such items as pain, suffering, disfigurement and the like." *Walker v. Burkham*, 63 Nev. 75, 83
25 (1946). However, "[i]n a suit by the parents, they would be entitled to recover only such damages
26 as may have been sustained by them, such as their loss of the child's services and earnings and
27 medical expenses incurred by them in effecting a cure." *Id*.

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1    NRS § 12.080 provides that a mother or father is statutorily permitted to bring suit for injuries sustained by their minor child due to the negligence of another for which they have incurred medical expenses themselves. The right to recover medical expenses vests in the parents of a minor child injured by the negligence of another. *Hogle*, 112 Nev. at 606. "The rule vesting in the parent the right to recover medical expenses is grounded in the proposition that the parent has a duty to care for the child, and that as a result of that duty, the parent, not the child, is contractually liable for medical expenses incurred on the child's behalf." *Garay v. Overholtzer*, 631A.2d 429, 442 (Md. 1993); *See* 4 J.G. Sutherland, *Law of Damages*, § 1250, at 4737-38 (4th ed. 1916). Absent a waiver of this right by the parents, a minor child may not sue for medical expenses which he or she has not incurred. *Hogle*, 112 Nev. at 606.

The appropriate statute of limitations for a negligence action, such as this, is two years. *See* NRS § 11.090 (4)(e). Plaintiff was a minor at the time of her accident, and all the medical bills plaintiff seeks to recover prior to June 19, 2008 (plaintiff's 18th birthday), were incurred during her minority age. By failing to file an action within two years of the accident, the parents' claim for all medical expenses incurred as a result of the accident to the minor is barred by the statute of limitations.

Plaintiff contends that because the statute of limitations did not commence until she turned 18, she is permitted to bring suit for both her general damages and medical expenses incurred. Though NRS § 11.250 tolls the limitations period for the plaintiff to bring suit until she reaches the age of majority, her parents must have waived their right to recover medical expenses within the required two year statute of limitations period. *See* NRS § 11.250. Here, there was no waiver of the right within the applicable time. Plaintiff fails to argue that there was ever any attempt to waive this right. Moreover, there is no evidence that a valid waiver was executed within the required two year statute of limitations period. Therefore, plaintiff is barred from recovering medical expenses her parents incurred during her minority age. *See Garay v. Overholtzer*, 631A.2d 429, 439 (Md. 1993).

B.    <u>Medical Records & Bills Concerning Treatment Received After October 7, 2007</u>

Defendant asserts that all medical treatment and bills incurred after October 7, 2007, should

**James C. Mahan**
**U.S. District Judge**

- 3 -

1   be excluded because they are not related to the subject accident. Defendant further argues that the
2   medical treatment received after October 7, 2007, should be excluded because both plaintiff and her
3   mother testified in their depositions that after the Smith's accident, her left knee injury was resolved
4   prior to her home injury on October 7, 2007, after months of physical therapy.

5       On the other hand, plaintiff's attorney contends that "[t]he October 7, 2007 incident did not
6   involve any type of event which one would expect would cause injury," and was related to the
7   Smith's incident. (Doc. #17, p. 9). *See* Deposition of Coral McGarvey, Exhibit C, p. 25-26. Plaintiff
8   was removing items from the freezer when she felt a "clicking, pop feeling." *Id*. Furthermore,
9   plaintiff was still receiving physical therapy at the time in order to strengthen her knee. (Doc. #13,
10  p. 9).

11      In summary, though the court has determined that plaintiff's medical bills after October 7,
12  2007, during her age of minority, are excluded, the treatments she received as a result of this incident
13  are admissible evidence at trial. The October 7, 2007, incident presents a question of whether there
14  was a casual relationship between the subject accident and a subsequent injury–an issue of fact for
15  the jury to determine–and accordingly, is admissible and relevant to the subject litigation.

16      C.    <u>Medical Treatment of Surgery on December 6, 2007</u>

17      Similarly, though plaintiff cannot recover for the medical bills incurred during plaintiff's age
18  of minority on December 6, 2007, the treatment and surgery itself are relevant and admissible
19  evidence. Defendant again asserts that any and all evidence relating to the surgery of plaintiff's left
20  knee performed on December 6, 2007, is not relevant to the subject accident at Smith's. Defendant
21  argues that any treatment after October 7, 2007, is not casually related to the subject accident at
22  Smith's on April 8, 2007. (Doc. # 13, p.8). Defendant contends that plaintiff cannot meet her burden
23  of proof that the Smith's accident proximately caused her left knee surgery on December 6, 2007.
24  *Id*. However, plaintiff alleges that she had not yet recovered from the Smith's incident, and that she
25  was still actively receiving treatment to strengthen her left knee. (Doc. #17, p. 9). As plaintiff was
26  still under the age of 18 at the time of this surgery, she is entitled to recover for pain, suffering, and
27  disfigurement. *Walker*, 63 Nev. at 83.

28

**James C. Mahan**
**U.S. District Judge**

- 4 -

The court is not inclined to conclusively determine whether the need for medical treatment of surgery on December 6, 2007, is casually related or was proximately caused by the subject accident. This is a issue of fact for the jury to determine. Thus, while plaintiff cannot recover the medical expenses of the surgery on December 6, 2007, medical records of treatment and surgery are admissible.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion in limine (doc. #13) be, and the same hereby is, GRANTED in part, and DENIED in part.

IT IS THEREFORE ORDERED that plaintiff is barred from recovering any medical expenses incurred when she was a minor.

DATED May 13, 2011.

_____
**UNITED STATES DISTRICT JUDGE**